J. Mark Stewart (Wy. Bar No. 6-4121)
Davis & Cannon, LLP
422 W. 26th Street
Cheyenne, WY 82001
307-634-3210
Attorney for Russell Martens

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| DAVID LEE JOHNSON and BRENDA JOHNSON, individually and as the Wrongful Death Co-Representatives of Hunter Lee Johnson, deceased; and as the duly appointed Administrators of the Probate Estate of Hunter Lee Johnson, Deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 17-CV-209-S |
| THE BOARD OF COUNTY COMMISIONERS OF THE COUNTY OF LARAMIE, a Wyoming Governmental Entity and Local Government, DANNY GLICK, Sheriff of Laramie County, SGT. JENNIFER STEPHENS, C201; CPL. HAROLD JOHNSON, C88; CPL. BRIAN DAVIS, C68; DPTY. HENRIE, C118; DPTY JORDAN WEILAND, C74; DPTY. DOUG SIPES, C27; DPTY. DARCI FLINT, C72; DPTY. JESSE WARD, C82; CORRECT CARE SOLUTIONS, LLC, a Kansas Limited Liability Company, doing business in the State of Wyoming, WAYNE GRAVES, RUSSELL MARTENS, GLENNA HANSEN, MS, ANDREA McCANN, RN, JANA SALWAY, LPN, RYAN LINDSEY, LPN, SANDEE LARUE, LPN, VALERIE LUEGERING, RN, employees of Correct Care Solutions, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF RUSSELL MARTENS

1

Russell Martens, by and through his attorneys Davis & Cannon, LLP, hereby respectfully submits his Answer to Plaintiffs' Amended Complaint, and admits, denies and affirmatively alleges as follows:

1. Russell Martens ("Martens") is without sufficient information to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2. Martens is without sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3. Paragraph 3 states legal conclusions to which no response is required.  To the extent Paragraph 3 can be read to assert factual allegations, Martens is without sufficient information to admit or deny such allegations and therefore denies the same.

4. Paragraph 4 states legal conclusions to which no response is required.  To the extent Paragraph 4 can be read to assert factual allegations, Martens is without sufficient information to admit or deny such allegations and therefore denies the same.

5. Paragraph 5 states legal conclusions to which no response is required.  To the extent Paragraph 5 can be read to assert factual allegations, Martens is without sufficient information to admit or deny such allegations and therefore denies the same.

6. Paragraph 6 is directed at another defendant and states legal conclusions to which no response is required.  To the extent a response if required, Martens is without sufficient information to admit or deny such allegations and therefore denies the same.

7. Paragraph 7 is directed at another defendant and states legal conclusions to which no response is required.   To the extent a response if required, Martens admits Glick was at the times relevant to the Amended Complaint Sheriff of Laramie County.

8.  The allegations of Paragraph 8 are directed at other defendants and call for legal conclusions and therefore no response from Martens is required.

9.  Martens admits Correct Care Solutions, LLC was the private contractor providing health services in the Laramie County Detention Center (LCDC).  The remaining allegations call for legal conclusions or Martens is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

10. The allegations of Paragraph 10 call for legal conclusions and therefore no response from Martens is required.

11. Martens denies he was employed by Correct Care Solutions, LLC and affirmatively states that the times relevant to Plaintiffs' Amended Complaint he was employed by Laramie County and acting within the scope of his duties.  The remaining allegations of Paragraph 11 state legal conclusions for which no response is required.  Martens denies all remaining allegations of Paragraph 11 not specifically admitted herein.

12. The allegations of Paragraph 12 call for legal conclusions to which no response is required.  To the extent a response is required, Martens is without sufficient information to admit or deny the employment status of unidentified Does and is without sufficient information to admit or deny all remaining allegations and therefore denies the same.

**JURISDICTION AND VENUE**

13. The allegations of Paragraph 13 state legal conclusions to which no response is required.   To the extent a response is required, Martens denies that a deprivation of constitutional rights and privileges occurred and denies all remaining allegations.

14. Paragraph 14 states legal conclusions to which no response is required.   To the extent a response is required from Martens, the allegations of Paragraph 14 are denied.

15. Paragraph 15 states legal conclusions to which no response is required.   To the extent a response is required from Martens, the allegations of Paragraph 15 are denied.

16. Paragraph 16 states legal conclusions to which no response is required.   To the extent a response is required from Martens, the allegations of Paragraph 16 are denied.

17. The remaining allegations state legal conclusions to which no response is required.  To the extent an additional response is required, Martens is without sufficient knowledge to admit or deny such allegations and therefore denies the same.

18. Martens admits Plaintiffs submitted an application for review before the Wyoming Medical Review Panel.   The remaining allegations state legal conclusions to which no response is required.  To the extent an additional response is required, Martens denies that he is a health care provider and denies all remaining allegations.

19. The allegations of Paragraph 19 call for speculation as to potential future events and no response is required.  To the extent a response is required from Martens, all allegations in Paragraph 19 are denied.

## FACTS COMMON TO ALL CAUSES OF ACTION

20. Martens' responses to Paragraphs 1 through 19 are incorporated by reference as if fully set forth here again.

21. Martens admits the records he has reviewed indicate that Hunter Lee Johnson ("Johnson") was arrested on December 19, 2015.  To the extent Paragraph 21 calls for a response to the substance of the records of the Cheyenne Police Department, Martens is without sufficient information to admit or deny such allegations and therefore denies the same.

22. Martens admits the allegations of Paragraph 22.

23. Martens admits the allegations of Paragraph 23.

24. As to the allegations in paragraph 24 of the Plaintiffs' Amended Complaint, Marten admits Johnson was placed on a 15 minute close watch upon his booking into the Laramie County Detention Center on December 19, 2015 due to comments Johnson made to arresting officers.  Martens denies that the officer who initiated the 15 minute close watch is a health care provider.

25. Martens has no personal knowledge of any comments Johnson made to Sheriff's deputies one week prior to the relevant events in Plaintiffs' Complaint.  The remaining allegations of Paragraph 25 call for legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

26. Martens admits Johnson hung himself in his cell on December 22, 2015 and denies all other allegations of Paragraph 26.

27. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 27 and therefore denies the same.

28. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 28 and therefore denies the same.

29. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 29 and therefore denies the same.

30. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 30 and therefore denies the same.

31. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 31 and therefore denies the same.

32. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 32 and therefore denies the same.

33. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 33 and therefore denies the same.

34. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 34 and therefore denies the same.

35. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 35 and therefore denies the same.

36. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 36 and therefore denies the same.

37. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 37 and therefore denies the same.

38. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 38 and therefore denies the same.

39. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 39 and therefore denies the same.

40. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 40 and therefore denies the same.

41. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 41 and therefore denies the same.

42. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 42 and therefore denies the same.

43. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 43 and therefore denies the same.

44. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 44 and therefore denies the same.

45. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 45 and therefore denies the same.

46. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 46 and therefore denies the same.

47. Martens admits Johnson was placed on a 15-minute watch upon his booking into LCDC but has no personal knowledge sufficient to admit or deny the remaining allegations of Paragraph 47 and therefore denies the same.

48. Martens has no personal knowledge sufficient to admit or deny the allegations of Paragraph 46 and therefore denies the same.

49. Martens admits the statement recited in Paragraph 49 is contained in records Martens reviewed.  Martens denies that the record was recorded by a CCS employee.

50. Martens admits the statement recited in Paragraph 50 is contained in records Martens reviewed.

51. Martens admits the records Martens reviewed mention the individuals listed in Paragraph 51.

52. Martens admits the statement recited in Paragraph 52 is contained in records Martens reviewed and admits Glenna Hansen removed Johnson from 30-minute follow up watch on December 21, 2015.

53. Martens admits Johnson made an appearance in court on December 22, 2015 prior to Martens meeting with him on that date.   Martens is without personal knowledge sufficient to admit or deny the remaining allegations of Paragraph 53 and therefore denies the same.

54. Martens is without personal knowledge sufficient to admit or deny what statements were made by Johnson and the Judge in court and therefore denies the same.

55. Martens is without personal knowledge sufficient to admit or deny the allegations of Paragraph 55 and therefore denies the same.

56. Martens is without personal knowledge sufficient to admit or deny the allegations of Paragraph 56 and therefore denies the same.  Martens affirmatively states that he did not tell Johnson he would be punished.

57. Paragraph 57 states legal argument to which no response is required.   Martens affirmatively states Johnson did not present as being at risk of suicide on his return from court on December 22, 2015.

58. Paragraph 58 states legal argument to which no response is required.   Martens affirmatively states that he did not tell Johnson he would be punished.   Martens denies any remaining allegations in Paragraph 58.

59. Paragraph 59 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Martens affirmatively states Johnson did not present as being at risk of suicide on his return from court on December 22, 2015.

60. Martens admits the holding cell is monitored by video camera but that it is not monitored in real time.  Martens denies all remaining allegations of Paragraph 60.

61. Martens denies the allegations of Paragraph 61.

62. Martens admits the holding cell is monitored by video camera but that it is not monitored in real time.  The remaining allegations state legal argument to which no response is required.   To the extent a response is required, the allegations are denied.

63. Martens admits Johnson was placed in B-pod on December 22, 2015.  Martens is without sufficient personal knowledge to admit or deny the remaining allegations of Paragraph 63 and therefore denies the same.

64. Martens is without sufficient personal knowledge to admit or deny the remaining allegations of Paragraph 64 and therefore denies the same.

65. Martens admits the statement recited in Paragraph 65 was entered by Martens and is contained in records Martens reviewed.

66. Martens admits the statement recited in Paragraph 66 was entered by Martens and is contained in records Martens reviewed.

67. Martens admits Johnson hung himself on December 22, 2015 but is without sufficient personal knowledge to admit or deny the remaining allegations and therefore denies the same.

68. Paragraph 68 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

69. Martens lacks personal knowledge sufficient to admit or deny the allegations of Paragraph 69 and therefore denies the same.

70. Paragraph 70 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

a.  Paragraph 70a states legal argument or conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

b.  Martens lacks personal knowledge sufficient to admit or deny the allegations of Paragraph 70b and states the records speak for themselves.

c.   The allegations of Paragraph 70c are directed at other defendants and no response is required.  To the extent a response is required, Martens lacks personal knowledge sufficient to admit or deny the allegations of Paragraph 70c and states the records speak for themselves.

d.  The allegations of Paragraph 70d are directed at other defendants and no response is required.  To the extent a response is required, Martens lacks personal knowledge sufficient to admit or deny the allegations of Paragraph 70d and states the records speak for themselves.

f.  The allegations of Paragraph 70f are directed at other defendants and no response is required.  To the extent a response is required, Martens lacks personal knowledge sufficient to admit or deny the allegations of Paragraph 70f and therefore deny the same.

g.  The allegations of Paragraph 70g are directed at other defendants and no response is required.  To the extent a response is required, Martens lacks personal knowledge sufficient to admit or deny the allegations of Paragraph 70g and therefore deny the same.

h.  The allegations of Paragraph 70h are directed at other defendants and no response is required.  To the extent a response is required, Martens lacks

personal knowledge sufficient to admit or deny the allegations of Paragraph 70h and therefore deny the same.

i.  The allegations of Paragraph 70i are directed at other defendants and no response is required.  To the extent a response is required, Martens denies the remaining allegations and affirmatively states that Marten spoke with Johnson in HC #2 at approximately noon on December 22, 2015 as had been requested by Sgt. Stephens.

j.  The allegations of Paragraph 70j are directed at other defendants and no response is required.  To the extent a response is required, Martens affirmatively states that Martens spoke with Johnson in HC #2 at approximately 12:00 on December 22, 2015 as requested by Sgt. Stephens and denies the remaining allegations.

71. Paragraph 71 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72. Paragraph 72 (including subparagraphs a through e) states legal argument or conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

73. Paragraph 73 (including subparagraphs a and b) states legal argument or conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

### FIRST CAUSE OF ACTION

74. Martens' responses to Paragraphs 1 through 73 are incorporated by reference as if fully set forth here again.

75. Paragraph 75 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. Paragraph 76 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

77. Paragraph 77 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. Paragraph 78 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. Paragraph 79 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80. Paragraph 80 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. Paragraph 81 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

82. Paragraph 82 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83. Paragraph 83 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

84. Paragraph 84 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

85. Paragraph 85 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

86. Paragraph 86 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

87. Paragraph 87 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

88. Paragraph 88 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

89. Martens admits previous suicide attempts and successful suicides have occurred in the LCDC but lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 89 and therefore denies the same.

90. Paragraph 90 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

91. Paragraph 91 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

92. Paragraph 92 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

93. Paragraph 93 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

94. Paragraph 94 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

95. Paragraph 95 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

96. Paragraph 96 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**SECOND CAUSE OF ACTION**

97. Martens' responses to Paragraphs 1 through 96 are incorporated by reference as if fully set forth here again.

98. Paragraph 98 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

99. Paragraph 99 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

100. Paragraph 100 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**THIRD CAUSE OF ACTION**

101. Martens' responses to Paragraphs 1 through 100 are incorporated by reference as if fully set forth here again.

102. The allegations of Paragraph 102 are directed at other defendants and no response is required. Additionally, Paragraph 102 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

103. The allegations of Paragraph 103 are directed at other defendants and no response is required. Additionally, Paragraph 103 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

104. The allegations of Paragraph 104 are directed at other defendants and no response is required. Additionally, Paragraph 104 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

105.   The allegations of Paragraph 105 are directed at other defendants and no response is required.  Additionally, Paragraph 105 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**AFFIRMATIVE DEFENSES**

1.   Allegations not specifically admitted herein are denied.

2.   No particularized response is required to the voluminous records attached to Plaintiffs' Amended Complaint.  To the extent a response is required, Martens states the records speak for themselves and any allegation of fact contained therein that is not specifically admitted herein, is denied.

3.   Any acts or omissions by Martens as to this matter were privileged, authorized by law and reasonable in light of applicable standards.

4.   Martens did not act with deliberate indifference nor did Martens act negligently in this matter.

5.   Martens avers that he had no knowledge of any previous suicidal behaviors or suicide attempts made by Johnson during the times relevant to this matter.

6.   All acts of Martens were done in good faith and based upon good cause, consistent with federal and Wyoming law.

7.   Martens is protected and shielded from any liability by the doctrines of federal and state qualified immunity.

8.   Any acts or omissions of Martens were not the proximate cause of Plaintiffs' and Johnson's injuries.

9.   Plaintiffs' state law claims against Martens are barred by the Wyoming Governmental Claims Act ("WGCA"), Wyoming Statute § 1-39-101 through 1-39-

120, as amended.  Martens is protected from liability pursuant to the WGCA and there is no waiver of immunity for Plaintiffs' claims.

10. To the extent immunity is waived, the waiver is limited pursuant to the WGCA.

11. Martens is not a health care provider within the scope of the WGCA.

12. Plaintiffs' claims are barred as a matter of fact and law by the WGCA.

13. Plaintiffs have failed to comply with the requirements of the WGCA.

14. Plaintiffs' claim for punitive damages is barred by federal and Wyoming law.

15. Plaintiffs fail to allege facts supporting a claim for punitive damages and such a claim is contrary to law.

16. Plaintiffs and Johnson failed to mitigate their damages.

17. Plaintiffs and Johnson's alleged injuries and damages are the result of pre-existing conditions or caused by their own actions or the actions of third parties.

18. Plaintiffs and Johnson, by their own conduct, waived their right to assert the claims herein and are estopped by their own conduct from asserting the claims herein.

19. Plaintiffs and Johnson are comparatively responsible for the injuries and damages alleged to have been sustained, barring them from the claims asserted herein.

20. Plaintiffs' claims are barred or diminished by the comparative negligence and fault of Plaintiff or third parties.

21. Plaintiffs' claims are barred by the applicable statute of limitations.

22. Plaintiffs fail to state a claim upon which relief can be granted.

23. Martens reserves the right to amend this pleading to assert additional affirmative defenses or additional facts as may be disclosed during discovery.

DATED this 30th day of July, 2018.

DAVIS & CANNON, LLP

/s/   J. Mark Stewart
J. Mark Stewart (Wy. Bar No. 6-4121)
422 W. 26th Street
Cheyenne, WY 82001
307-634-3210
307-778-7118 (fax)
*Attorney for Russell Martens*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which will automatically send email notification of such filing on the

30th day of July, 2018, to the following:

Joshua Merseal
Neubauer, Pelkey, Merseal & Goldfinger, LLP
311 S. 4th Street
Laramie, WY 82070
307-745-3031
307-316-0978 (fax)
joshuamerseal@outlook.com
Attorney for Plaintiffs

John H. Robinson
Robinson Law Firm
185 W. Broadway, Suite 101
Jackson, WY 83001
307-733-7703
307-235-1326 (fax)
john@johnrobinsonlaw.com
Attorney for Plaintiffs

Phil Donoho
Office of the Wyoming Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, WY 82002
Telephone 307.777.5996
phil.donoho1@wyo.gov
Attorney for Peace Officer Defendants


                                         /s/ J. Mark Stewart
                                         J. Mark Stewart