J. Mark Stewart (Wy. Bar No. 6-4121)
Davis & Cannon, LLP
422 W. 26th Street
Cheyenne, WY 82001
307-634-3210
Attorney for the Board of County
Commissioners of Laramie County,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| DAVID LEE JOHNSON and BRENDA JOHNSON, individually and as the Wrongful Death Co-Representatives of Hunter Lee Johnson, deceased; and as the duly appointed Administrators of the Probate Estate of Hunter Lee Johnson, Deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 17-CV-209-S |
| THE BOARD OF COUNTY COMMISIONERS OF THE COUNTY OF LARAMIE, a Wyoming Governmental Entity and Local Government, DANNY GLICK, Sheriff of Laramie County, SGT. JENNIFER STEPHENS, C201; CPL. HAROLD JOHNSON, C88; CPL. BRIAN DAVIS, C68; DPTY. HENRIE, C118; DPTY JORDAN WEILAND, C74; DPTY. DOUG SIPES, C27; DPTY. DARCI FLINT, C72; DPTY. JESSE WARD, C82; CORRECT CARE SOLUTIONS, LLC, a Kansas Limited Liability Company, doing business in the State of Wyoming, WAYNE GRAVES, RUSSELL MARTENS, GLENNA HANSEN, MS, ANDREA McCANN, RN, JANA SALWAY, LPN, RYAN LINDSEY, LPN, SANDEE LARUE, LPN, VALERIE LUEGERING, RN, employees of Correct Care Solutions, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF BOARD OF COUNTY COMMISSIONERS OF LARAMIE COUNTY

The Board of County Commissioners of Laramie County (hereinafter "Laramie County"), by and through their attorneys Davis & Cannon, LLP, hereby respectfully submits its Answer to Plaintiffs' Amended Complaint, and admits, denies and affirmatively alleges as follows:   .

The client representatives for Laramie County are without personal knowledge as to any factual allegation stated in Plaintiffs' Amended Complaint.  To the extent the knowledge of Defendants Graves and Martens and information contained in LCSD records can be imputed to Laramie County, Laramie County answers the Complaint as follows:

1.  Laramie County is without sufficient information to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2.  Laramie County is without sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3.  Paragraph 3 states legal conclusions to which no response is required.  To the extent Paragraph 3 can be read to assert factual allegations, Laramie County is without sufficient information to admit or deny such allegations and therefore denies the same.

4.  Paragraph 4 states legal conclusions to which no response is required.  To the extent Paragraph 4 can be read to assert factual allegations, Laramie County is without sufficient information to admit or deny such allegations and therefore denies the same.

5.  Paragraph 5 states legal conclusions to which no response is required.  To the extent Paragraph 5 can be read to assert factual allegations, these Defendants are without sufficient information to admit or deny such allegations and therefore denies the same.

6.  Laramie County admits it is a governmental entity as defined in Wyoming statutes.  Laramie County also admits Defendants Graves and Martens, at the times relevant to the complaint, were employed by Laramie County.    Plaintiffs have stipulated to the

non-prejudicial dismissal of all claims asserted against Laramie County under 42 U.S.C. §1983 and therefore no response is required for the remaining allegations asserted in Paragraph 6.  To the extent a response is required, Laramie County denies all allegations contained in Paragraph 6 not specifically admitted herein.

7. Laramie County admits Danny Glick was the Sheriff of Laramie County, Wyoming at the times relevant to the complaint.   Plaintiffs have stipulated to the non-prejudicial dismissal of all official capacity claims asserted against Sheriff Glick in his official capacity under 42 U.S.C. §1983 and therefore no response is required for allegations asserted in Paragraph 7 against Defendant Glick in his official capacity.  To the extent a response is required, Laramie County denies all allegations contained in Paragraph 7 not specifically admitted herein.  As to individual capacity claims asserted against Sheriff Glick, such allegations are not directed at Laramie County and such allegations call for legal conclusions.  Therefore no response is required.  To the extent a response is required, Laramie County denies all allegations contained in Paragraph 7 not specifically admitted herein.

8. The allegations of Paragraph 8 are directed at other Defendants and call for legal conclusions and therefore no response from Laramie County is required.  To the extent a response is required, Laramie County admits the named peace officers were employed at the times relevant to the claims in the Amended Complaint.  Laramie County is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

9. The allegations of Paragraph 9 are not directed at Laramie County and therefore no response is required.   To the extent a response is required, Laramie County admits

CCS was under contract to provide medical care to Laramie County Detention Center detainees at the times relevant to the claims in the Amended Complaint.

10. The allegations of Paragraph 10 call for legal conclusions and therefore no response from Laramie County is required.

11. Laramie County denies that Defendants Graves and Martens were employed by Correct Care Solutions, LLC.   The remaining allegations of Paragraph 11 state legal conclusions for which no response is required.   To the extent a response is required, Laramie County admits Defendants Graves and Martens were, at the times relevant to the claims in the Amended Complaint, employed by Laramie County and were acting within the scope of their employment.   Laramie County denies all remaining allegations of Paragraph 11 not specifically admitted herein.

12. The allegations of Paragraph 12 call for legal conclusions to which no response is required.   To the extent a response is required, Laramie County is without sufficient information to admit or deny the employment status of unidentified Does and are without sufficient information to admit or deny all remaining allegations and therefore denies the same.

## JURISDICTION AND VENUE

13. The allegations of Paragraph 13 state legal conclusions to which no response is required.   To the extent a response is required, Laramie County denies that a deprivation of constitutional rights and privileges occurred and denies all remaining allegations.

14. Paragraph 14 states legal conclusions to which no response is required.   To the extent a response is required from Laramie County, the allegations of Paragraph 14 are denied.

15. Paragraph 15 states legal conclusions to which no response is required.   To the extent a response is required from Laramie County, the allegations of Paragraph 15 are denied.

16. Paragraph 16 states legal conclusions to which no response is required.   To the extent a response is required from Laramie County, the allegations of Paragraph 16 are denied.

17. Laramie County admits a Notice of Claim was submitted to Laramie County.   The remaining allegations state legal conclusions to which no response is required.   To the extent an additional response is required, Laramie County denies all remaining allegations.

18. Laramie County admit Plaintiffs submitted an application for review before the Wyoming Medical Review Panel.   The remaining allegations state legal conclusions to which no response is required.   To the extent an additional response is required, Laramie County denies that it is a health care provider and denies all remaining allegations.

19. The allegations of Paragraph 19 call for speculation as to potential future events and no response is required.   To the extent a response is required from Laramie County, all allegations in Paragraph 19 are denied.

## FACTS COMMON TO ALL CAUSES OF ACTION

20. Laramie County's responses to Paragraphs 1 through 19 are incorporated by reference as if fully set forth here again.

21. Laramie County admits that Hunter Lee Johnson was arrested on December 19, 2015. To the extent Paragraph 21 calls for a response to the substance of the records of the Cheyenne Police Department, Laramie County is without sufficient information to admit or deny such allegations and therefore denies the same.

22. Laramie County admits the allegations of Paragraph 22.

23. Laramie County admits the allegations of Paragraph 23.

24. As to the allegations in paragraph 24 of the Plaintiffs' pleading, Laramie County admits Johnson was placed on a 15 minute close watch upon his booking into the Laramie County Detention Center on December 19, 2015 due to comments Johnson made to arresting officers.  Laramie County denies that the officer who initiated the 15 minute close watch is a health care provider.

25. Laramie County admits Johnson made suicidal comments to Sheriff's deputies during a contact on December 12, 2015 when Johnson was transported to Cheyenne Regional Medical Center.  The remaining allegations of Paragraph 25 call for legal conclusions to which no response is required.

26. Laramie County admits Johnson hung himself in his cell on December 22, 2015 and denies all other allegations of Paragraph 26.

27. Laramie County admits Johnson was detained on December 12, 2015 at Burns High School and transported to Cheyenne Regional Medical Center.  Laramie County admits Johnson made suicide threats to the deputies responding to the call.  Laramie County denies that Johnson was arrested or charged on December 12, 2015.

28. Laramie County admits the allegations of Paragraph 28.

29. Laramie County admits the allegations of Paragraph 29.

30. Laramie County admits the allegations of Paragraph 30.

31. Laramie County admits Johnson was arrested on December 19, 2015.  To the extent Paragraph 31 calls for a response to the substance of the records of the Cheyenne Police

Department, Laramie County is without sufficient information to admit or deny such allegations and therefore denies the same.

32. To the extent Paragraph 32 calls for a response to the substance of the records of the Cheyenne Police Department, Laramie County is without sufficient information to admit or deny such allegations and therefore denies the same.

33. Laramie County is without information sufficient to admit or deny the allegations of paragraph 33 and therefore denies the same.

34. Laramie County is without information sufficient to admit or deny the allegations of paragraph 34 and therefore denies the same.

35. Laramie County is without information sufficient to admit or deny the allegations of paragraph 35 and therefore denies the same.

36. Laramie County is without information sufficient to admit or deny the allegations of paragraph 36 and therefore denies the same.

37. Laramie County is without information sufficient to admit or deny the allegations of paragraph 37 and therefore denies the same

38. Laramie County is without information sufficient to admit or deny the allegations of paragraph 38 and therefore denies the same.

39. Laramie County is without information sufficient to admit or deny the allegations of paragraph 39 and therefore denies the same.

40. Laramie County is without information sufficient to admit or deny the allegations of paragraph 40 and therefore denies the same.

41. Laramie County is without information sufficient to admit or deny the allegations of paragraph 41 and therefore denies the same.

42. Laramie County is without information sufficient to admit or deny the allegations of paragraph 42 and therefore denies the same.

43. Laramie County is without information sufficient to admit or deny the allegations of paragraph 43 and therefore denies the same.

44. Laramie County is without information sufficient to admit or deny the allegations of paragraph 44 and therefore denies the same.

45. Laramie County is without information sufficient to admit or deny the allegations of paragraph 45 and therefore denies the same.

46. Laramie County admits Johnson came into the custody of LCDC and that the records reflect such statements to McCann and states the records speak for themselves. Laramie County is without information sufficient to admit or deny any remaining  allegations of paragraph 46 and therefore denies the same.

47. Laramie County admits that Johnson was placed on 15-minute close watch because of statements made to the arresting officers.    Laramie County denies the remaining allegations of Paragraph 47.

48. Laramie County admits that the records reflect that David Johnson delivered the referenced medications to LCDC and states the records speak for themselves.  Laramie County is without information sufficient to admit or deny the allegations of paragraph 48 and therefore denies the same.

49. Laramie County admits Deputy Kemp recorded the language recited in Paragraph 49 and stated the record speaks for itself.

50. Laramie County admits Defendant Martens recorded the language recited in Paragraph 50 and states the record speaks for itself.

51. Admit.

52. Laramie County denies that Glenna Hansen was employed by CCS. Laramie County admits Glenna Hansen removed Johnson from a 30 minute follow-up watch on December 21, 2015.  Laramie County also admits the recited language is contained in Johnson's mental health progress notes.

53. Admit.

54. Admit.

55. Laramie County admits Johnson was noncompliant when exiting court on December 22, 2015 and is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

56. Laramie County is without sufficient information to admit or deny whether Johnson was told after the hearing that he was not going to be released and denies that Johnson was told he would be punished.

57. Paragraph 57 states legal argument and therefore no response is required.  To the extent a response is required, the allegations are denied.

58.  Paragraph 58 states legal argument and therefore no response is required.  To the extent a response is required, the allegations are denied.

59. Paragraph 59 states legal argument and therefore no response is required.  To the extent a response is required, the allegations are denied.  Laramie County affirmatively states that its employees are not health care providers.

60. Laramie County admits the holding cell is monitored by video camera but that it is not monitored in real time.  Laramie County denies all remaining allegations of Paragraph 60.

61. Laramie County denies the allegations of Paragraph 61.

62. Laramie County admits the holding cell is monitored by video camera but that it is not monitored in real time. The remaining allegations state legal argument to which no response is required. To the extent a response is required, the allegations are denied.

63. Laramie County admits Johnson was placed in B-pod on December 22, 2015 and that the records reflect that occurred after Johnson was strip searched. Laramie County admits Johnson was not placed on 15-minute close watch upon being placed in B-pod and denies the remaining allegations of Paragraph 63.

64. Laramie County denies the allegations of Paragraph 64.

65. Laramie County admits the statement recited in Paragraph 65 was entered by Martens in Johnson's records.

66. Laramie County admits the statement recited in Paragraph 66 was entered by Martens in Johnson's records.

67. Admit.

68. Paragraph 68 states legal argument and therefore no response is required. To the extent a response is required, the allegations are denied.

69. Admit.

70. Paragraph 70 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

    a. Paragraph 70a states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

    b. Laramie County admits the allegations of Paragraph 70b. and states the records speak for themselves.

c.   Laramie County admits the allegations of Paragraph 70c. states legal argument to which no response is required and states the records speak for themselves.

d.   Laramie County admits the referenced language in Paragraph 70d. is found in the relevant records and states the records speak for themselves.

f.   Laramie County Cpls. Ward and Davis were present in the court room and state the relevant records speak for themselves.

g.   Laramie County admits the allegations of Paragraph 70g. can be found in LCSD records and that the records speak for themselves.

h.   Laramie County admits that some of the allegations of Paragraph 70h. can be found in LCSD records and that the records speak for themselves.  Laramie County denies that Johnson attempted suicide in the holding cell and denies all remaining allegations.

i.   Laramie County admits that some of the allegations of Paragraph 70i. can be found in LCSD records and that the records speak for themselves.  Laramie County denies that Johnson attempted suicide in the holding cell and denies all remaining allegations.

j.   Laramie County is without sufficient information to admit or deny dmits the allegations of Paragraph 70j. and states that the records speak for themselves.

71. Paragraph 71 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72. Paragraph 72 (including subparagraphs a through e) states legal argument or conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

73. Paragraph 73 (including subparagraphs a and b) states legal argument or conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## FIRST CAUSE OF ACTION

74. Laramie County's responses to Paragraphs 1 through 73 are incorporated by reference as if fully set forth here again.

75. Paragraph 75 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. Paragraph 76 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

77. Paragraph 77 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. Paragraph 78 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. Paragraph 79 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80. Paragraph 80 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. Paragraph 81 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

82. Paragraph 82 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83. Paragraph 83 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

84. Paragraph 84 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

85. Paragraph 85 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

86. Paragraph 86 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

87. Paragraph 87 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

88. Paragraph 88 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

89. Laramie County admits previous suicide attempts and successful suicides have occurred in the LCDC but lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 89 and therefore denies the same.

90. Paragraph 90 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

91. Paragraph 91 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

92. Paragraph 92 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

93. Paragraph 93 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

94. Paragraph 94 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

95. Paragraph 95 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

96. Paragraph 96 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION

97. Laramie County's responses to Paragraphs 1 through 96 are incorporated by reference as if fully set forth here again.

98. Paragraph 98 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

99. Paragraph 99 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

100.   Paragraph 100 states legal argument or conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## THIRD CAUSE OF ACTION

101.   Laramie County's responses to Paragraphs 1 through 100 are incorporated by reference as if fully set forth here again.

102.   Paragraph 102 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

103.   Paragraph 103 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

104.    Paragraph 104 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

105.    Paragraph 105 states legal argument or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### AFFIRMATIVE DEFENSES

1.    Allegations not specifically admitted herein are denied.

2.    No particularized response is required to the voluminous records attached to Plaintiffs' Amended Complaint.  To the extent a response is required, Laramie County states the records speak for themselves and any allegation of fact contained therein that is not specifically admitted herein, is denied.

3.    Any acts or omissions by Laramie County employees as to this matter were privileged, authorized by law and reasonable in light of applicable standards.

4.    Laramie County employees did not act with deliberate indifference or negligence.

5.    Laramie County avers Martens that he had no knowledge of any previous suicidal behaviors or suicide attempts made by Johnson during the times relevant to this matter.

6.    All acts of Laramie County employees were done in good faith and based upon good cause, consistent with federal and Wyoming law.

7.    Laramie County employees are protected and shielded from any liability by the doctrines of federal and state qualified immunity and therefore there can be no liability imposed on Laramie County.

8.    Any acts or omissions of Laramie County or its employees were not the proximate cause of Plaintiffs' and Johnson's injuries.

9.  Plaintiffs' state law claims against Laramie County are barred by the Wyoming Governmental Claims Act ("WGCA"), Wyoming Statute § 1-39-101 through 1-39-120, as amended.   Laramie County is protected from liability pursuant to the WGCA and there is no waiver of immunity for Plaintiffs' claims.

10. To the extent immunity is waived, the waiver is limited pursuant to the WGCA.

11. Laramie County employees named herein are not health care providers within the scope of the WGCA.

12. Plaintiffs' claims are barred as a matter of fact and law by the WGCA.

13. Plaintiffs have failed to comply with the requirements of the WGCA.

14. Plaintiffs' claim for punitive damages is barred by federal and Wyoming law.

15. Plaintiffs fail to allege facts supporting a claim for punitive damages and such a claim is contrary to law.

16. Plaintiffs and Johnson failed to mitigate their damages.

17. Plaintiffs and Johnson's alleged injuries and damages are the result of pre-existing conditions or caused by their own actions or the actions of third parties.

18. Plaintiffs and Johnson, by their own conduct, waived their right to assert the claims herein and are estopped by their own conduct from asserting the claims herein.

19. Plaintiffs and Johnson are comparatively responsible for the injuries and damages alleged to have been sustained, barring them from the claims asserted herein.

20. Plaintiffs' claims are barred or diminished by the comparative negligence and fault of Plaintiffs or third parties.

21. Plaintiffs' claims are barred by the applicable statute of limitations.

22. Plaintiffs fail to state a claim upon which relief can be granted.

23. Laramie County reserves the right to amend this pleading to assert additional affirmative defenses or additional facts as may be disclosed during discovery.


DATED this 30th day of July, 2018.

DAVIS & CANNON, LLP

/s/   J. Mark Stewart
J. Mark Stewart (Wy. Bar No. 6-4121)
422 W. 26th Street
Cheyenne, WY 82001
307-634-3210
307-778-7118 (fax)
*Attorney for the Board of County Commissioners of Laramie County*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which will automatically send email notification of such filing on the

30th day of July, 2018, to the following:

Joshua Merseal
Neubauer, Pelkey, Merseal & Goldfinger, LLP
311 S. 4th Street
Laramie, WY 82070
307-745-3031
307-316-0978 (fax)
joshuamerseal@outlook.com
Attorney for Plaintiffs

John H. Robinson
Robinson Law Firm
185 W. Broadway, Suite 101
Jackson, WY 83001
307-733-7703
307-235-1326 (fax)
john@johnrobinsonlaw.com
Attorney for Plaintiffs

Phil Donoho
Office of the Wyoming Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, WY 82002
Telephone 307.777.5996
phil.donoho1@wyo.gov
Attorney for Peace Officer Defendants

/s/ J. Mark Stewart
J. Mark Stewart